IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09mj308 |
| | ) | |
| **ROLAND JOHN GRIFFIN,** | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's Motion for Reconsideration of his Rule 29 motion for judgment of acquittal (Docket No. 31). For the reasons set forth herein, Defendant's Motion for Reconsideration is DENIED.

On October 5, 2009, the Defendant appeared before the Court for a bench trial on a three-count indictment for driving under the influence, stopping and parking on a park road, and failure to use a seat belt. At the close of the Government's evidence, and again at the close of all of the evidence, Defendant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court took Defendant's Rule 29 motion under advisement, and on December 1, 2009, entered a Memorandum Opinion and Order in which the Court denied the motion. (Mem. Op. & Order, Dec. 1, 2009). Specifically, the Court found that "[b]ased on the totality of the evidence, the Defendant was in actual physical control of the vehicle in which he was found by Ranger Lochart] and operated it within the definition of 36 C.F.R. § 4.23." Judgment has not yet been entered, and counsel have been directed to contact the Deputy Clerk for this Court to schedule further proceedings.

Defendant moves for reconsideration of the Court's denial of his motion for a judgment of acquittal on Count I (driving under the influence) on the ground that the Court based its opinion on evidence that was legally irrelevant and inconsistent with the record. (Def.'s Mot. at 2.) Defendant's argument focuses on the evidence that the Defendant only "fumbled" with the turn signals and engaged the vehicle's hazard lights. (Id.) Although the Court did note in its Memorandum Opinion that the Defendant fumbled with the turn signals and engaged the vehicle's hazard lights, its decision was not based entirely upon just that evidence. Rather, the key evidence presented on the issue of whether the Defendant was operating the vehicle was the evidence that the keys were in the ignition and turned to the "on" position, Defendant was in the driver's seat, and most importantly, the engine was running. Such evidence, alone, provides a sufficient basis from which a factfinder could reasonably conclude beyond a reasonable doubt that Defendant was in actual physical control of the vehicle and operated it within the definition of 36 C.F.R. § 4.23. See, e.g., Ngomondjami v. Commonwealth, 54 Va. App. 310 (2009).

Additionally, Defendant moves for a judgment of acquittal on Count II (stopping and parking on a park road) and Count III (failure to use a seat belt). The Court did not address either of these counts in its December 1, 2009 Memorandum Opinion and Order.[1] Defendant argues that the evidence that his son drove the vehicle to the park road and parked it in the park entrance merits an acquittal or granting of Defendant's Rule 29 motion as to Counts II and III.

The charging statute for Count II, 36 C.F.R. § 4.13(a), prohibits "stopping or parking a vehicle upon a park road." 36 C.F.R. § 4.13(a). Although Defendant's son testified that he

---

[1] However, Defendant also requested judgment of acquittal on Counts II and III in his Rule 29 motion, so those issues are not being raised for the first time on the Motion for Reconsideration and are properly considered now. (Def.'s Mot. at 1 n.1.)

drove and parked the vehicle on the park road, there is sufficient circumstantial evidence, taken in the light most favorable to the prosecution, from which a factfinder could reasonably conclude beyond a reasonable doubt that the Defendant was the one who drove and parked the vehicle there, or that he at least moved the vehicle and parked it so that it was blocking the park entrance after his son left. Such circumstantial evidence includes the testimony that Defendant's vehicle was parked in the park entrance, Defendant was the only occupant of the vehicle when he was approached by the investigating Ranger, Defendant was found in the driver's seat with the engine running, and Defendant told the Ranger that the reason he was parked in the park entrance was because he was having trouble with his turn signals and hazard lights.

The charging statute for Count III, 36 C.F.R. § 4.15(a), requires that each "operator and passenger occupying any seating position of a motor vehicle in a park area [to] have the safety belt . . . properly fastened at all times when the vehicle is in motion." 36 C.F.R. § 4.15(a). Although Defendant's vehicle was not in motion when he was observed by the Ranger, there is sufficient circumstantial evidence, taken in the light most favorable to the prosecution, to warrant a factfinder finding beyond a reasonable doubt that Defendant had failed to wear his seatbelt while the vehicle was moving. Such circumstantial evidence includes the testimony indicating that Defendant was seated in the driver's seat, his seat belt was not fastened, the engine was running, and Defendant told Ranger Lochart that he was parked in the park entrance because he was having trouble with his turn signals and hazard lights.

Based upon the foregoing, Defendant's Motion for Reconsideration (Docket No. 31) is DENIED.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: December 22, 2009